# United States District Court
## Middle District of North Carolina

**FILED APR 0 1 2024**

UNITED STATES OF AMERICA

v.

KIERRE ANTHONY CUTLER

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:23-CR-00261-1

USM Number: 72016-510

Ames Colby Chamberlin, Assistant Federal Public Defender
*Defendant's Attorney*

## THE DEFENDANT:

☒ pleaded guilty to count 1.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(2)(A) and (b)(1) | Distribution of Child Pornography | 10/16/2022 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count 2 is dismissed on the Defendant's motion without objection of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the economic circumstances.

March 20, 2024
Date of Imposition of Judgment

Signature of Judge

Loretta C. Biggs, United States District Judge
Name & Title of Judge

March 28, 2024
Date

DEFENDANT: KIERRE ANTHONY CUTLER
CASE NUMBER: 1:23-CR-00261-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **87 months.**

☒ The court makes the following recommendations to the Bureau of Prisons: that the Defendant receives a mental health evaluation and any follow up treatment and that he be designated to a facility that can treat his special mental health needs. It is further recommended that the Bureau of Prisons follow the recommendations set forth in paragraph 83 of the PSR. It is further recommended that the Defendant receives substance abuse testing and treatment and vocational training. To the extent that it does not interfere with the prior recommendations, it is recommended that the Defendant be designated to a facility as close as possible to his family.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

   ☐ at _____ am/pm on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 pm on  .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KIERRE ANTHONY CUTLER
CASE NUMBER: 1:23-CR-00261-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **fifteen (15) years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: KIERRE ANTHONY CUTLER
CASE NUMBER: 1:23-CR-00261-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____    Date_____

DEFENDANT: KIERRE ANTHONY CUTLER
CASE NUMBER: 1:23-CR-00261-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall abide by the mandatory and standard conditions of supervised release.

2. The defendant shall cooperatively participate in a mental health treatment program, which may include inpatient treatment, and pay for treatment services, as directed by the probation officer.

3. The defendant shall participate in an evaluation and a mental health program with emphasis on sex offender treatment, and pay for treatment services, as directed by the probation officer. The defendant must submit to any risk assessments, psychological and physiological testing, which may include, but is not limited to, a Visual Reaction Time (VRT) measurement of sexual interest, and/or the use of prescribed medications, or other specific tests to monitor the defendant's compliance, as directed by the probation officer.

4. The defendant shall submit to substance abuse testing, at any time, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

5. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation officer.

6. The defendant shall provide any requested financial information to the probation officer.

7. The defendant shall submit to polygraph testing, as directed by the probation officer.

8. The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18 (except his children) without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant has any contact with any child (person under the age of 18 years old), not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation office within 24 hours.

9. The defendant shall not access, view, purchase, possess, control, send or receive any visual depiction, including any photograph, film, video, picture, or computer-generated image of sexually explicit conduct as defined in 18 U.S.C. § 2256, or any material constituting or containing the obscene visual representation of the sexual abuse of children as defined in 18 U.S.C. § 1466A.

10. The defendant shall not possess or use a computer, or any other means to access any 'on-line computer service' at any location (including employment) without the prior approval of the probation officer. This includes any Internet Service Provider, peer-to-peer network or file sharing programs, or any other public or private computer network. If granted access to an 'on-line computer service,' the defendant shall consent to the probation officer conducting periodic or unannounced examinations of any internet capable devices, similar electronic devices, or computer equipment, which may include hardware, software, and related computer peripherals. This may also include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination. The defendant shall not have any social networking accounts without the approval of the probation officer.

11. The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervised release.

DEFENDANT: KIERRE ANTHONY CUTLER
CASE NUMBER: 1:23-CR-00261-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $100.00 | $13,000.00 | $.00 | $1,000.00 | |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

$3,000 to victim "April"
Restore the Child, PLLC
2522 N. Proctor St., Suite 85
Tacoma, WA 98406

$4,000 to victim "Jenny"
Marsh Law Firm PLLC
ATTN: Jenny
PO Box 4668 #65135
New York, NY 10163-4668

$3,000 to victim "Sloane"
Carol L. Hepburn
I/T/F Violet
PO Box 17718
Seattle, WA 98127

$3,000 to victim "Lily"
Carol L. Hepburn
I/T/F Lily
PO Box 17718
Seattle, WA 98127

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived pursuant to 18 U.S.C. Section 3612(f)(3) for the     ☒ restitution     ☒ 18:2259A Assessment

    ☐ the interest requirement for the     ☐ fine     ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KIERRE ANTHONY CUTLER
CASE NUMBER: 1:23-CR-00261-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $14,100.00 due immediately, balance due
　　☐ not later than _____ , or
　　☒ in accordance with ☐ C, ☒ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒ Restitution in the amount of $13,000.00 is due immediately. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the defendant shall make payments in equal, monthly installments of $100 to begin 60 days after the commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full.

The assessment under 18 U.S.C. § 2559A in the amount of $1,000 is due immediately. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the defendant shall make payments in equal, monthly installments of $50 to begin 60 days after the commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full.

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties: **to the extent the defendant cannot immediately comply, the Court will recommend that the defendant participate in the Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

　　Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

**The attached Order of Forfeiture filed in this Court on 03/12/2024 shall be incorporated in this judgment.**

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : 1:23CR261-1 |
| v. | : |
| | : |
| KIERRE ANTHONY CUTLER | : |

**ORDER OF FORFEITURE**

**WHEREAS**, pursuant to the Plea Agreement entered on September 29, 2023, and the plea of guilty entered on October 5, 2023, the Court finds that the following property is hereby forfeitable pursuant to Title 18, United States Code, Section 2253, as property which contains visual depictions described in Title 18, United States Code, Section 2251, 2251A, 2252, 2252A, 2252B, or 2260, or which was used or intended to be used to commit or promote the commission of violations of Title 18, United States Code, Section 2251(a) and (e), and 2252A(a)(2)(A) and (b)(1), to wit:

    a.    **a gold in color Samsung cell phone with a cracked screen.**

**AND WHEREAS**, based on the Plea Agreement, in which the defendant acknowledged that the defendant's interest in the foregoing property is subject to forfeiture based on the offenses to which the defendant pleaded guilty, there is a nexus between the property to be forfeited and the offenses pled to, and the United States is now entitled to possession of said personal property, pursuant to Fed. R. Crim. P. 32.2(b)(3);

**AND WHEREAS**, publication is unnecessary because the property to be forfeited is worth less than $1000; and the government has identified no persons who reasonably appear to be potential claimants entitled to direct notice;

It is hereby **ORDERED, ADJUDGED and DECREED:**

1. That the United States is hereby authorized to seize the above-described personal property, and it is hereby forfeited to the United States for disposition in accordance with the law, including destruction, as allowed by Fed. R. Crim. P. 32.2(b)(3). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order is now final as to the defendant.

2. That pursuant to Fed. R. Crim. P. 32.2(b)(6), no further notice of this order is required, and the above-described personal property is forfeited to the United States.

3. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B).

This, the 12th day of March 2024.

/s/ Loretta C. Biggs
United States District Judge